IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-01150-LTB-BNB

BARBARA WALDRON,
RICHARD SARRO, and
ELIZABETH BROOKHART,

Plaintiffs,

v.

DAVID D. STONG, individually and in his official capacity as Sheriff of the County of Alamosa,
CHARLES J. KALBACHER, individually, and in his capacity as former Deputy District Attorney for the 12th Judicial District,
EUGENE L. FARISH, individually, and in his capacity as former District Attorney for the 12th Judicial District, State of Colorado
DISTRICT ATTORNEY, 12TH JUDICIAL DISTRICT, STATE OF COLORADO,
ALAMOSA COUNTY SHERIFF'S DEPARTMENT, a political subdivision of the State of Colorado
ALAMOSA COUNTY, a body corporate and politic, and
ALAMOSA COUNTY BOARD OF COMMISSIONERS, a political subdivision of the State of Colorado,

Defendants.
_____

**ORDER**
_____

This matter is before me on **Defendants' Unopposed Motion to Amend Scheduling Order Re: Dispositive Motion Deadline** (the "Motion"), filed July 25, 2005. The Motion is DENIED WITHOUT PREJUDICE, as explained.

The schedule, as it currently exists, required that dispositive motions be filed by July 29, 2005; set a final pretrial conference for September 1, 2005; set a final trial preparation conference for September 28, 2005; and set a trial for October 31, 2005. The defendants seek, without opposition, to extend the dispositive motion deadline by 21 days, to and including

August 19, 2005. The extension is necessitated by the illness of a court reporter and the reporter's inability to prepare transcripts of deposition testimony at an earlier time. The defendants assert that the deposition transcripts will be relied upon in any motion for summary judgment.

If I were to grant the requested extension of the dispositive motion deadline, such motions would be due on August 19, 2005; a response 20 days thereafter would be due on September 8, 2005; and replies due 15 days after that would be filed on September 23, 2005. The district judge then would have only 38 days before trial to review and rule on the motions. Thirty-eight days to determine complex dispositive motions is an unreasonably short period of time.

Although I am willing to consider, under the circumstances presented here, extending the dispositive motion deadline, I will do so only if the parties first obtain a continuance of the trial date.

IT IS ORDERED that the Motion is DENIED WITHOUT PREJUDICE, and that it may be refiled when and if the parties first obtain a continuance of the October 31, 2005, trial date.

Dated August 3, 2005.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge